## STERLING *vs.* WELCOME.

Where property is taken under an *attachment*, the lien created thereby continues notwithstanding the giving of a bond by the debtor for its production until the issuing of an execution and a reasonable time thereafter to make a levy. If, however, in the meantime the property be removed by the debtor beyond the jurisdiction of the officer who issued the attachment, and it be there seized under another attachment, the lien is gone notwithstanding the issuing of an execution on the judgment under the first attachment.

THIS was an action of replevin noticed for trial at the Oneida circuit, in May, 1837, and submitted to the Hon. JOHN WILLARD, one of the circuit judges upon a case agreed upon by the parties setting forth the following facts : On the 12th December, 1835, *A. G. Colwell* and *L. Long,* obtained an attachment from a justice of the peace in the county of *Herkimer* against the property of one Ezra C. Lee, which was delivered to *Ezekiel Welch,* a constable of Frankfort in the county of Herkimer, and who by virtue thereof levied upon two roan horses and a set of harness, the property of Lee.   A bond pursuant to the statute was executed by Lee, with surety for the production of the property to satisfy any execution, &c. and the property was left in his possession.   On the 21st December, 1835, the plaintiffs in the attachment duly obtained judgment.   Subsequent to the above seizure Lee went to Kirkland

Sterling *v.* Welcome.

in the county of *Oneida,* and took with him the above property, which was there seized on the 15th February, 1836, under an attachment issued by a justice of the peace of the county of Oneida at the suit of one *A. Peters;* the seizure was made by *Welcome,* the defendant in this cause, who was a constable of Kirkland. On 26*th February, Peters* duly obtained a judgment, and on 28*th March,* an execution was issued thereon, by virtue of which *Welcome* levied upon the same property. On the 4th April, 1836, *Sterling,* the plaintiff in this cause, came to Kirkland, and demanded the two roan horses and harness *by virtue of an execution* issued by the justice in *Herkimer,* by whom the attachment was issued at the suit of *Colwell* and *Long,* upon the judgment in their favor. Upon the execution thus held by *Welcome,* the justice had endorsed that the same was issued on a judgment obtained by the plaintiffs on an attachment issued in their favor, which was levied upon a *span of roan horses* and *a set of harness.* The execution was delivered by the *Herkimer* justice to *Sterling,* a constable of Frankfort, in the county of Herkimer, and who was the successor of *Welch,* the constable who served the first attachment. *Welcome* refusing to deliver up the property, this action was brought. The circuit judge decided that the plaintiff was not entitled to maintain his suit ; whereupon the case was brought before the court in the nature of a motion for a new trial.

*G. B. Judd,* for the plaintiff.

*W. M. Allen,* for the defendant.

*By the Court,* NELSON, Ch. J. The case of *Van Loan* v. *Kline,* 10 *Johns. R.* 129, is in point to show that the bond given by a defendant in an attachment conditioned that the goods and chattels seized, shall be produced to satisfy the execution thereafter to be issued, does not operate to discharge them from the lien under it, but that notwithstanding the bond they continue in the custody of the law. The attachment in *Van*

*Loan* v. *Kline,* was issued under the act of 1808, but the provision in respect to the bond is the same as that now in force, 2 *R. S.* 231, § 32. The exposition of the provision given by the case referred to, is full and satisfactory, and need not be repeated. The lien continues until after judgment and execution regularly obtained with the view to secure the application of the property to the discharge of the debt ; it ceases on the execution being issued, as then the property is held by other process. But it is insisted by the counsel for the defendant, and I think correctly, that though the property be in the custody of the law under the attachment, and so continues down to the time when the execution actually is, or may be issued, still it cannot be said to be held under the process of execution until a *levy* by virtue thereof be regularly made. This undoubtedly must be so, unless we say that the seizure under the attachment shall enure to the benefit of the execution ; and this we cannot say consistently with the security of the judgment creditor, unless we go further and hold that the *bond* shall also enure in like manner, or if the property has been taken into the custody of the attaching officer, that he may continue to keep it until the day of sale, although he may not be the person to whom the execution is delivered ; for should we say that a *levy* under the execution is not essential to hold the property, it need not be removed or disturbed until the day of sale, and that might be indefinitely postponed. The better construction, I think is, that a levy must be made in the usual way as if no connexion existed between the process of attachment and the process of execution, and then the responsibilities under each process will be properly distributed both in respect to officers and sureties. This seems to be the view of the court of *Massachusetts* under the attachment law of that state, which as regards this question is essentially like ours, 9 *Mass. R.* 257; 7 *id.* 505; 15 *id.* 225; 16 *id.* 296; 4 *id.* 498; 16 *Pick.* 556.

If, as I am inclined to think, a levy be necessary, then it is clear that this action cannot be maintained, because a levy under the execution held by the plaintiff could not be made *beyond the jurisdiction* of the justice who issued that process. This conclu-

sion is not subject to the imputation that it violates the rule which forbids a levy upon property already in the custody of the law, because the *lien* of the attachment ceases on the issuing of the execution and the elapsing of a reasonable time thereafter to make a levy. 10 *Johns. R.* 131, *and the cases above cited.*

New trial denied.