[No. 6005.]
## A. HEWELL v. THOMAS W. LANE.

SALE OF LAND FOR TAXES.—A sale of land for taxes to the highest bidder in one parcel, and not to the person who would take the smallest or least quantity of the land and pay the tax due, is illegal, and a deed given in pursuance of it is absolutely void.

SHERIFF'S RETURN OF TAX SALE.—It is the general rule that a grantee under a tax deed, valid on its face, is not affected in any of his rights by recitals in the Sheriff's return of the tax sale contradicting the recitals in the deed.

CORRECTION OF SHERIFF'S RETURN.—A Sheriff may voluntarily correct his return of a tax sale after the return has been filed, but he cannot be compelled by the Court to correct the return against his will.

MANDAMUS will not lie to compel a Sheriff to deliver a deed to a purchaser at a tax sale, containing recitals which are contradicted by the return of the tax sale.

APPEAL from the District Court of the Fifth Judicial District, Stanislaus County.

Application for a writ of mandamus to compel Thomas W. Lane, as Sheriff, to execute to the plaintiff a deed of conveyance to certain real property.

Thomas W. Lane was Sheriff of Stanislaus County from March, 1868, to March, 1870. In October, 1869, in accordance with a judgment, decree of foreclosure and order of sale, he sold three hundred and eighteen acres of land at public auction for the sum of thirty-three dollars and eighty-six cents, being the amount of taxes with the costs assessed against the property and its owner, W. C. Gunn. The applicant, Hewell, was the purchaser at the sale. In his return of the sale, the Sheriff stated: "I did duly sell the premises hereinafter described, at public auction, according to law, to A. Hewell, who was the highest bidder therefor, for the sum of," etc. Gunn failed to redeem, and after six months a deed was executed and delivered to Hewell, containing a like recital.

In September, 1877, the plaintiff, Hewell, applied to the District Court for a writ of mandate to compel the Sheriff to execute and deliver another deed, sufficient in form and recitals to convey the premises in fee. In the deed submitted with the writ, the recital was changed to read that the sale was made "to A. Hewell, he being the person willing to take the smallest portion of said premises and pay said judgment, interest, and costs, and the smallest part which he, the said A. Hewell, or any other person, was willing to take, being the whole of the premises in said order of sale described." The plaintiff alleged that such recital would be in accordance with the facts.

The defendant Lane, in his return to the alternative writ, alleged that the recitals in the original return of the tax sale were true, and he asked that the prayer of the writ be denied. Judgment was rendered for the plaintiff, and the defendant appealed.

*Schell & Scrivner*, for Appellant.

1. It is well settled that where an officer, in making a sale of property, acts under a naked statutory power, with a view of

divesting, upon certain contingencies, the title of the citizen, the purchaser relying upon the execution of the power must show that every preliminary step prescribed by law has been followed. (*Keane* v. *Cannovan*, 21 Cal. 291; *Russell* v. *Mann*, 22 Cal. 132; *Norris* v. *Russell*, 5 Cal. 249; *Williams* v. *Peyton's Lessee*, 4 Wheaton, 78; *Varick* v. *Tallman*, 2 Barb. 113; *Harrington* v. *The People*, 6 Barb. 611; *Leggett* v. *Rogers*, 9 Barb. 411; *Hill* v. *Draper*, 10 Barb. 462; Blackwell on Tax Titles, 2nd ed. 500.)

2. The judgment should have been for the defendant upon the findings of the Court. The return of the Sheriff of said sale, and also the certificate of sale, made and delivered October 28th, 1869, and recorded in Recorder's office on November 8th, 1869, both recite, among other things, that the Sheriff "sold at public auction, according to law, and after due and legal notice, to A. Hewell, who made the highest bid therefor at such sale, for the sum of thirty-three dollars and eighty-six cents," and "that the property was sold in one parcel, that said sum of thirty-three dollars and eighty-six cents was the highest bid made and the whole price paid therefor." And the deed made and delivered to the plaintiff September 12th, 1870, contains the same recitals.

The Sheriff could not, therefore, execute the deed asked for, for the very sufficient reason that it would contradict and falsify his said return and certificate of sale, and also the record thereof. The Sheriff's return is not traversable, and is conclusive as to the manner in which said tax sale was made. (*Egery* v. *Buchanan*, 5 Cal. 54; *Gregory* v. *Ford*, 14 Cal. 139; Freeman on Executions, sec. 363, and cases there cited.)

The plaintiff Hewell accepted the certificate of sale and the deed, with the solemn declaration of the officer as to the manner in which his power was exercised, and kept the same nearly eight years without expressing any dissatisfaction, and long after the rights of third parties had intervened: he is now estopped from denying the truth of the recitals contained in either the certificate or the deed. (*French* v. *Edwards*, 13 Wall. 515; *Donahue* v. *McNulty*, 24 Cal. 412; Blackwell on Tax Titles, 2nd ed. 51–5, 304, 359.)

*W. E. Turner* and *Terry, McKinne & Terry*, for the Petitioner.

1. Mandamus is the proper and only remedy for plaintiff. (Blackwell on Tax Titles, 299, 492, and note 1; *Maxcy* v. *Clabaugh*, 1 Gilm. 26; *State* v. *Winn*, 19 Wis. 304; *Clippinger* v. *Tuller*, 10 Kan. 377; *People* v. *Fleming*, 2 N. Y. 485; Crocker on Sheriffs, sec. 530.)

2. The ex-Sheriff is the proper defendant in this proceeding. (*People* v. *Boring*, 8 Cal. 406; *Anthony* v. *Wessel*, 9 Cal. 103; Rorer on Judicial Sales, 753; *People* v. *Fleming*, 2 N. Y. 485; Crocker on Sheriffs, sec. 530.)

3. A purchaser at Sheriff's sale is not bound by the return of the officer. His title rests on the judgment, execution, sale, and deed. ( *Cloud* v. *El Dorado Co.*, 12 Cal. 130; *Blood* v. *Light*, 38 Cal. 649; *Mayo* v. *Foley*, 40 Cal. 281; *Rowe* v. *Kennedy*, 43 Cal. 643; *Rowe* v. *Sexton*, 4 Wheat. 505; *Clark* v. *Lockwood*, 21 Cal. 224.)

By the COURT:

The return of the Sheriff, as remaining on file, in the case of *The People* v. *South Half of Section Nineteen*, shows that the land in question was, in point of fact, sold to the plaintiff *as being the highest bidder*, ("to A. Hewell, who made the highest bid therefor,") and not as the person who would *take the smallest or least quantity of the land*, and pay the tax adjudged due. In view of the facts stated in the return, therefore, the defendant, (who was the Sheriff who made the sale) ought not to deliver a deed to the plaintiff, as purchaser, and should he do so, such deed would be absolutely void.

But the present proceeding is one in mandamus against the Sheriff, to compel him to deliver to the plaintiff a deed of conveyance, reciting that the sale was made to him, not as the highest bidder, but as the bidder who offered to take the smallest quantity of the land and pay the taxes adjudged. In other words, to compel the Sheriff, by recital in the deed, to contradict his return on file, and the truth of which return he reiterates in this proceeding.

We are satisfied, however, that the Sheriff cannot be compelled in this manner to contradict his return. He cannot, it is well settled, be compelled by the Court to correct his return on file against his will. After it has been placed on file it can be corrected only on his motion. It may be true that should he voluntarily deliver a deed which, in its recitals, should contradict his return on file, the rights of the grantee would not be affected by the return; and such is the general rule. But it would be contrary to reason and the adjudicated cases to hold that a writ of mandamus can be resorted to for the purpose of compelling the delivery of a deed containing recitals of what occurred at the sale contradictory of the Sheriff's return, which return he not only declines to amend, but insists in his answer to be correct in point of fact.

Judgment reversed and cause remanded.