[No. 6,499.]

# GRIMM v. O'CONNELL ET AL.

TAXES—ASSESSMENT.—The assessment for the fiscal year 1872-3 was void.

ID.—ID.—An assessment to "C. G., and *all owners or claimants known or unknown*," is void.

ID.—ID.—TAX-DEED—RECITALS.—Where the statute prescribes the particular form of a tax-deed, the *form* becomes *substance*, and must be strictly pursued, or the deed will be void.

ID.—ID.—ID.—ID.—If a tax-deed recites a void assessment, it is void, and it cannot be shown that there was in fact a valid assessment. The plaintiff must recover, if at all, on his tax-deed, supported by evidence of the regularity of the prior proceedings, if the same are attacked. He cannot recover on the *tax roll* or *delinquent list*.

ID.—ID.—ID.—ID.—MANDAMUS.—If the officer fails to make a deed which complies with the law, it would seem that he can be compelled by *mandamus* to make a proper deed.

APPEAL from a judgment for defendants, in the Twelfth District Court, City and County of San Francisco. DAINGERFIELD, J.

The facts are stated in the opinion.

*P. B. Ladd*, for Appellant.

Cited Pol. Code, §§ 3766, 3785, 3788, 3807, 3811; *O'Grady* v. *Barnhisel*, 23 Cal. 287; *Wetherbee* v. *Dunn*, 32 Id. 106; *Brumm* v. *Murphy*, 29 Id. 326-8-9.

*John M. Burnett, and Moses G. Cobb*, for Respondents.

Cited *Russell* v. *Mann*, 22 Cal. 131; *Grotebend* v. *Ultz*, 53 Id. 666; *Houghton* v. *Austin*, 47 Id. 646; *Will* v. *Austin*, 53 Id. 179; *Harper* v. *Rowe*, Id. 233.

Department No. 1, McKINSTRY, J.:

1st. The assessment for the fiscal year 1872–3 was *void*. (*Houghton* v. *Austin*, 47 Cal. 646; *Wills* v. *Austin*, 53 Id. 179; *Harper* v. *Rowe*, Id. 233.)

2nd. The Court below found that the demanded premises were assessed for taxes for the years 1874–5 and 1875–6 to one Charles Grimm; further, that " the Tax Collector's deeds upon

those assessments, (which afterward became delinquent, etc.) recited that the said land had been assessed to said Charles Grimm, *and all owners or claimants known or unknown,*" etc. If the assessments were as recited in the deeds, they were legally *void.* ( *Grotenfend* v. *Ultz,* 53 Cal. 666 ; 13 Cal. 609 ; 30 Id. 537 ; 32 Id. 328.)

Sections 3776 and 3777 of the Political Code require of the Collector to execute and deliver to the purchaser a certificate stating, amongst other things, " when known, the name of the person assessed." Section 3786 declares : " The matters recited in the certificate of sale *must be recited* in the (Collector's) deed."

Where the statute prescribes the particular form of the tax-deed, the form becomes substance, and must be strictly pursued, or the deed will be held void. (Blackwell on Tax Titles, p. 366.) If the officer fails to make a deed which complies with the law, it would seem that he can be compelled by *mandamus* to-execute a proper deed. ( *Hewell* v. *Lane,* 53 Cal. 213.) Where the statute form required a recital of the *year* for which the taxes were due, a deed in which the year was misrecited was said to be void. ( *Maxcy* v. *Clabaugh,* 1 Gilm. 26.) It is certainly competent for the Legislature to prescribe the form of the instrument which—as the result of a proceeding *in invitum*—can alone divest the citizen of his title. And when a form has been made necessary, it is not for the Courts to inquire whether the required recitals are of material facts or otherwise. It was said by the Supreme Court of Massachusetts—speaking of certain arbitrary rules established·by the Legislature with reference to the settlement of paupers—" The Legislature has seen fit, among other things, to establish as the criterion of a settlement, not the holding of an estate of a particular kind,   *   *   * but the introduction of the estate into the valuation of the assessors," etc. (apparently *not* the important circumstance). " These several requisites are indispensable." ( *Monson* v. *Chester,* 22 Pick. 300.) A special power, granted by statute, affecting the rights of individuals, and which divests the title to real estate, ought to be strictly pursued, and it should so appear on the face of the proceedings. Every requisite having the sem-

blance of benefit to the person whose title is sought to be divested should be strictly complied with. (*Atkins* v. *Kinnan,* 20 Wend. 240.) Where a statute required *an administrator's* deed "to set forth at large the order of the Circuit Court directing the sale," a recital of the substance of such order was held not to be a compliance with the law, and that the deed could not support the title of the grantee. (*Doe ex. dem. Smith* v. *Hileman,* 1 Scam. 323.) In that case the order of Court was introduced in evidence, and was *regular,* but the deed did not comply with the statute.

In the case before us the deed of the Tax Collector plainly showed *no title* in the plaintiff, since it appeared by the recital that the assessment was void. It cannot be contended that plaintiff could have recovered without introducing the deed; having introduced the deed, he can claim for it no greater effect than the law confers upon it. (*Mayo* v. *Haynie,* 50 Cal. 73.) The plaintiff certainly acquired no greater rights by reason of the *misrecital* in the deed—and which, taken as true, established that he acquired no right—than he would have acquired if there had been no statement in the deed with respect to the name of the person assessed. If the case had been as last supposed, the deed would have been invalid, and the omission could not have been supplied by evidence *aliunde.* Plaintiff must recover, if at all, on his *tax deed,* supported by evidence of the regularity of the prior proceedings, if the same are attacked. He cannot recover on the *tax roll* or *delinquent list.* Where the law required separate parcels of land to be sold separately and a recital thereof, and the tax-deed recited a sale of several " in a lump," the deed was held void. (*Boardman* v. *Bourne,* 20 Iowa, 136.)

Statutes of Massachusetts provided that taxes assessed upon lands be levied by sale thereof, "if the tax is not paid within fourteen days after demand," and required that the Tax Collector's deed should "state the cause of sale." The deed did not recite that payment was not made within fourteen days after demand. The Supreme Court of that State, (in *Harrington* v. *The City of Worcester,* 6 Allen, 578) said: "In this case the Collector's deed to the tenants, although it states a demand made on the persons taxed, does not state that payment was not

made within the fourteen days. This is not a statement of a legal cause of sale. And the question, therefore, is whether this defect in the deed prevents the tenants from acquiring title under it? And the Court are of opinion that it does; that the provision in the deed 'shall state the cause of sale' is not merely directory, but that it is a condition precedent to the operation of the deed. If the legal cause of sale may be omitted in the deed, and the defect be supplied by proof *aliunde*, or by admission, *so may any or all the other matters* which the statute requires that the deed shall state. The Collector has a mere naked power to sell estate for the non-payment of taxes thereon, and to convey a title thereto to the purchaser; but in such a case the law requires that all the prerequisites to the exercise of that power must precede its exercise. Among these prerequisites to the conveyance of the estate so sold is the statement, in the deed of conveyance, of the cause of sale. Unless a legal cause of sale is therein stated, the attempted conveyance is invalid. (See Sug. on Powers, [8th ed.] 206, *et seq.;* 2 Washb. on Real Prop. 542, *et seq.*)"

So in Wisconsin—the statute requiring that the tax-deed should comply with the form prescribed by law—it was held that the mere omission from the recitals of the words "as the fact is" constituted a fatal defect. (*Lain* v. *Cook*, 15 Wisc. 446; *Wakeley* v. *Mohr*, 18 Id. 321.)

Judgment affirmed.

McKEE, J., and Ross, J., concurred.