## S. C. HUBBELL *v.* H. C. CAMPBELL.

TAX DEED — RECITALS — STREET ASSESSMENT.—Where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, or the deed will be void.

ID.—ID.—ID.—By *article ix* of the charter of Los Angeles, it is provided, that, upon a sale of property for a street assessment, a deed shall be made to the purchaser, "stating therein that it is made subject to redemption as provided in this article," and further, that the deed "must express the true consideration thereof, which is the amount paid by the purchaser." A deed purporting to be made in pursuance of these provisions, after reciting that the property was sold for $168, stated that the deed was made subject to redemption, "as provided in *article viii*" of the charter, and that the consideration was $187.50. *Held*, that the deed was void, because it failed to state that it was "made subject to redemption as provided in article ix"; and also because it failed to state the true consideration.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Seventeenth District Court, County of Los Angeles. SEPULVEDA, J.

*James H. Blanchard*, for Appellant.

The deeds do not contain the provisions for redemption required by §§ 14 and 15 of article ix of the charter; and they are for a consideration greater than the sum mentioned in the warrant. (*Grimm* v. *O'Connell*, 54 Cal. 522; Stats. 1877–78, pp. 668–671.)

*Hutton & Godfrey*, and *H. T. Lee*, for Respondent.

The deeds set forth sufficiently the provision as to redemption; allowing that the officer misrecited the article, the recital of the act is sufficient.

The point raised by appellant as to the discrepancy between the amount of the assessment, $168, named in the deed, and the amount, $187.50, named therein as the consideration, is without foundation. The meaning of the law is, that the original amount due to the city on the assessment roll should be collected and paid into the treasury, and that the costs of advertisement and sale should be retained and distributed by the tax collector. (Stats. 1877–78, p. 667, § 12, and p. 671, § 27.)

Ross, J.:

Action to quiet title. The answer denied the plaintiff's alleged ownership and possession of the property, admitted that the defendant claims an interest therein, and averred that he claims such interest under and by virtue of two certain deeds executed to him by the tax collector of Los Angeles city (one being made to correct a mistake in the other, in stating the title of the charter of the city), and that by virtue of the deeds he became and is the owner in fee of the premises.

After trial, the Court below found, that at the time of the making of the first deed the plaintiff was the owner and in possession of the property, and continued in such possession up to the time of the commencement of the action. That the deeds were made as alleged by the defendant, and that at the time of the commencement of the action the defendant was the owner in fee-simple of the premises. Judgment was entered accordingly.

In the statement on motion for a new trial appears the following: "The plaintiff introduced on the trial of this action twenty-two deeds in evidence, showing that he was the owner of the lot in controversy, and proved by his own testimony that he was in possession of the said lot at the time of the commencement of this action, and had been in possession thereof for a long time prior thereto. The plaintiff then rested."

Accepting this statement as true, as we must, we do not see how the findings or judgment can be sustained; for if the deeds showed the plaintiff to be the owner of the lot, it is of course plain that the *defendant* could not be the owner. But we will not place our decision on this ground.

On the trial, the defendant offered in evidence the two deeds already mentioned, to each of which objections were interposed by the plaintiff. The deeds recite, that whereas, the party of the first part, as city tax collector, etc., "acting under and in pursuance of a warrant to him issued and delivered by the clerk of the common council of said city, by and upon the order of said council, for the collection of the sum of $168, assessed and levied upon the property therein, and herein after described as the property of S. C. Hubbell, for and on account of widening First street, which said warrant was dated the 13th day of May, A. D. 1878. And whereas, said assessment became and was delinquent, and the said party of the first part, as such city tax collector, and under and in pursuance of said warrant, levied upon the said real estate in said warrant and herein after described, and advertised the same for sale at public auction, on the 25th day of June, A. D. 1878; and whereas, at such sale, and at the time last aforesaid, said party of the second part paid therefor the sum of $168, gold coin of the United States, and which said sum so bid was the highest and best sum bid therefor, and the said party of the second part became the purchaser of said real estate at the time and for the price aforesaid. * * Now, therefore, this indenture witnesseth: That the said party of the first part, for and in consideration of the said sum of $187.50, gold coin of the United States of America, to him in hand paid by the said party of the second part, etc., has remised, released, and forever quitclaimed, and by these presents does remise, release, and forever quitclaim unto the said party of the

second part, and to his heirs and assigns, as fully as he, by virtue of the premises, can or may do, and subject to redemption as herein after stated, all that certain lot, etc., subject to redemption by any party in interest at any time within one year from the said date of sale, as provided in article viii of an act of the Legislature of the State of California, entitled an Act to revise and to amend the charter of the city of Los Angeles, to define its limits and rights, to enlarge its powers, and provide for its more efficient government, approved April 1st, 1876; which said revisory act was approved March 30th, 1878."

The Court overruled the objections to the deeds, and admitted them in evidence; and it was then admitted by the respective parties that the deeds were signed, acknowledged, and delivered by the tax collector, and that there had been no redemption of the property. Thereupon the defendant rested.

By § 4 of article viii of the charter of the city (Stats. 1877–78, p. 662), which was applicable to the assessment in question, it is provided: "If the said assessments be not paid by the several parties liable therefor within thirty days, the clerk of the council shall issue warrants thereon, directed to the city tax collector, or other officer performing the duties of city tax collector, and commanding him to sell the said property liable therefor. Such warrant shall be executed and returned, and all subsequent proceedings shall be taken in the same manner and with like force and effect as provided by article ix of this act for the enforcement of liens upon property, for grading or otherwise improving the streets in said city." Sections 12, 13, 14, 15, and 28 of article ix are as follows:

"Sec. 12. Such warrant must require the person to whom it is directed to forthwith levy upon the lot or part thereof upon which the assessment is unpaid, and sell the same in the manner provided by law, and to return the proceeds of such sale, less his fees, if any be allowed by the council therefor, to the city treasurer, and the warrant to the said clerk, with his doings indorsed thereon, together with the receipt of the city treasurer for the proceeds of such sale, as paid to him; and if at such sale a sufficient sum be not bid to cover the assessments and costs, the city shall become the purchaser.

"Sec. 13. Such warrant shall have the force and effect of

an execution against real property, and shall be executed in like manner, except as in this article otherwise specially provided. If, for any cause, any warrant be not executed within the time allowed by law, the council may order the issuance of an alias warrant, and as many thereof as may be necessary to enforce the collection of such assessment.

"Sec. 14. The person executing such warrants shall immediately make a deed for the property sold to the purchaser, stating therein that the same is made subject to redemption, as provided in this article. Within one year from the date of such sale, the owner, or any person in interest, may redeem the same, or any part thereof, upon the terms and conditions provided in the next section.

"Sec. 15. Redemption of the whole property is made by the payment of the purchase-money, and in addition, ten per cent., if paid within three months; twenty per cent., if paid within six months; thirty per cent., if paid within nine months, and forty per cent., if paid within twelve months, and the amount of any tax or incumbrance which the purchaser may have paid upon the property. Redemption of a part is made by the payment of that proportion of the purchase-money which the part redeemed bears in value to the property sold for the assessment."

"Sec. 28. The deed to the purchasers must express the true consideration thereof, which is the amount paid by the purchaser, and the return of the person executing the warrant must specify the amount for which each lot, or part thereof, was sold, and the name of the purchaser." (Stats. 1877–78, pp. 667, 668, 671.)

Section 8 of article xii, containing "miscellaneous provisions," declares: "Real property, when sold for or to satisfy a delinquent assessment or tax, must be sold for United States coin, and not otherwise; and any one applying or seeking to redeem property so sold, as in this act provided, must pay or offer to pay the sum necessary therefor in such coin, and not otherwise." (Id. p. 677.)

And § 4 of the last-mentioned article is as follows: "In any action, suit, or proceeding, in any court, concerning an assessment of property or levy of taxes authorized by this act, or the collection of any such, or proceeding consequent thereon,

such assessment, levy, consequent proceeding, and all proceedings connected therewith, shall be presumed to be regular and duly done or taken until the contrary is shown ; and when any proceeding, matter, or thing is by this act committed, or left to the discretion of the mayor and council, or the council or other authorities of said city, such discretion or judgment, when expressed or declared, is final, and cannot be reviewed or called in question elsewhere." (Id. p. 676.)

Conceding, for the purposes of this decision only, that the section last quoted in effect makes the deed *prima facie* evidence of all the prior proceedings, or at least of its own recitals, still the statute, as we have seen, does in terms declare that the deed shall state that the sale "is made subject to redemption, as provided in this article," to wit, article ix of the charter ; and further, that " the deed to the purchasers must express the true consideration thereof, *which is the amount paid by the purchaser.*"

In the case of *Grimm* v. *O'Connell*, 54 Cal. 522, it was said : " Where the statute prescribes the particular form of the tax deed, the form becomes substance, and must be strictly pursued, or the deed will be held void. (Blackwell on Tax Titles, p. 366.) If the officer fails to make a deed which complies with the law, it would seem that he can be compelled by *mandamus* to execute a proper deed. (*Hewell* v. *Lane*, 53 Cal. 213.) Where the statute form required a recital of the *year* for which the taxes were due, a deed in which the year was misrecited was said to be void. (*Maxey* v. *Clabough*, 1 Gilm. 26.) It is certainly competent for the Legislature to prescribe the form of the instrument which, as the result of a proceeding *in invitum*, can alone divest the citizen of his title. And when a form has been made necessary, it is not for the Courts to inquire whether the required recitals are of material facts or otherwise." (See also the numerous cases cited in the opinion of *Grimm* v. *O'Connell.*)

In the present case, neither of the deeds state that the property sold was subject to redemption, as provided by article ix of the charter, as is expressly required to be stated by § 14, *supra ;* nor do they express the true consideration, as required by § 28, *supra.* The " true consideration " is, by the last-mentioned section, declared to be " the amount paid by the purchaser."

The deeds declare the amount paid by the purchaser was $168, gold coin of the United States, and yet state as the consideration the sum of $187.50, gold coin of the United States. These objections, without noticing others made on behalf of the appellant, must be held fatal to the deeds in question, on the authority of the case of *Grimm* v. *O'Connell*, and the numerous cases there referred to.

Judgment reversed, and cause remanded for a new trial.

MCKINSTRY, J., and MCKEE, J., concurred.