## HOWARD P. WIGGIN vs. LEVI TEMPLE.

### Sagadahoc. Opinion March 24, 1882.

*Tax deed. Stats. 1874, c. 238; 1879, c. 117; 1880, c. 214.*

If the recitals of a tax deed do not show that the tax had remained unpaid for a term of nine months from the date of assessment before giving notice of the sale the deed will not be efficacious to pass the title. It will be the same if the recitals do not also show that the notices of the sale were posted in the same manner and in the same places that warrants for town meetings are required to be posted; also if they do not show the length of time or manner of giving the personal notice of the sale to the owner or occupant; also if they do not show that there was an offer to sell such fractional part as may be necessary to pay the tax and charges.

Where the tax deed upon its face is not effective to pass the title to the property, a party, contesting its validity, will not be required to deposit with the clerk, the taxes and charges, before he can be permitted to commence or defend the action in which he contests the validity of the deed.

ON REPORT.

Writ of entry to recover possession of certain real estate in Bath. Writ dated July 28, 1880. Plea, *nul disseizin*.

The title of plaintiff's grantor to the premises rested upon the following deed.

"To all persons to whom these presents shall come, I, Howard P. Wiggin, a collector of taxes for the city of Bath, in the county of Sagadahoc, and State of Maine, for the year one thousand eight hundred and sixty-seven, send greeting: Whereas, the assessors of the city of Bath aforesaid, have assessed Levi Temple the sum of twenty-two and fifty hundredths dollars for a tax as a resident proprietor or occupant of real estate in said Bath, in the lists of assessments they have committed to me to collect; and whereas no person has appeared to discharge the said tax, although I have advertised the same, and also the time and place of sale, by posting up advertisements six weeks prior to the time of sale; and I have lodged a copy of said advertisement with the clerk of said Bath, and given personal notice in writing as required by law.

"Therefore know ye, that I, the said H. P. Wiggin, collector of taxes aforesaid, in consideration of the sum of twenty-six dollars and seventy-six cents, to me paid, for discharging the said taxes and necessary intervening charges by Joseph M. Hayes of Bath, in the county of Sagadahoc and State of Maine, do hereby give, grant, sell and convey to the said J. M. Hayes his heirs and assigns forever, all of the following described real estate, taxed as aforesaid, viz : four houses and lots on Winslow street, ward three, and bounded as follows : North, by Winslow street ; east, by land of Henry Donnell and William Winslow ; south, by land of David W. Standish, and west, by land occupied by Henry Varney, the same having been struck off to the said J. M. Hayes, the highest bidder therefor, at a public auction, notified and held at the city treasurer's office, in said Bath, on the twenty-sixth day of May, eighteen hundred and sixty-eight in pursuance of the aforesaid notice.

"To have and to hold the same to the said J. M. Hayes his heirs and assigns to his and their own use forever ; subject however, to the right of redemption of the owner thereof, or his heirs or assigns, at any time within the time specified by law, from the time of sale as aforesaid.

"In witness whereof, I have hereunto set my hand and seal this twenty-sixth day of May, eighteen hundred and sixty-eight.

H. P. Wiggin, city collector. [Seal.]

Signed, sealed and delivered in presence of H. M. Bovey."
Duly acknowledged and recorded.

*Henry Tallman*, for the plaintiff.

*W. Gilbert*, for the defendant.

DANFORTH, J. In the report of this case it is provided that if the collector's deed to Hayes under whom the plaintiff claims, "is not efficacious to pass the title, the plaintiff is to become nonsuit."

There are several errors in the deed either one of which must be deemed fatal to its efficacy. In the recitals it does not appear that the tax assessed upon the defendant and committed to the collector "had remained unpaid for the term of nine months from

the date of the assessment" before giving notice of the sale, or that the notices thereof were posted "in the same manner and at the same places that warrants for town meetings are therein required to be posted," or the length of time or manner of giving the personal notice to the owner or occupant, all of which seem to be required by R. S. c. 6, § § 167, 168, as amended by c. 238 of the acts of 1874.

But especially is there not only an omission to show that there was an offer to sell such fractional part as might be necessary to pay the tax and charges, but it appears affirmatively that it was sold as a whole, "the same having been struck off to the said J. M. Hayes, the highest bidder therefor." *French* v. *Patterson*, 61 Maine, 209; *Whitmore* v. *Learned*, 70 Maine, 279; *Allen* v. *Morse*, 72 Maine, 502.

But the plaintiff contends that if the deed is not efficacious to pass the title it is sufficient to require the defendant to deposit with the clerk the taxes and charges before he can be permitted to defend the action or contest the validity of the deed. In other words that he must make this deposit or submit to a default before a *prima facie* case is made against him.

But if the deed is insufficient to pass the title, it can have no other effect than simply to give the defendant notice that the plaintiff claims under a tax title, the validity of which is involved in the trial. Still no proof is given to show any right whatever in the plaintiff, or in fact that any tax has been assessed upon the land in controversy. If the statutes require the construction claimed their constitutionality might well be doubted. True the law gives a lien upon land for taxes assessed thereon. The legislature has provided how that lien shall be enforced. It has also passed laws establishing what evidence shall be sufficient *prima facie* to show when the legal measures for enforcing the lien have been pursued. So far its. authority has not been questioned. But when it is claimed that the defendant must have judgment against him, without any evidence to sustain it, unless the amount of another and distinct claim is first deposited for subsequent litigation, another and a very different question is presented, a question as to whether he is not liable to be deprived

of his property in a way other than "by the judgment of his peers, or by the law of the land," or "without due process of law." But we are of the opinion that the statutes applicable to this case, not only do not require, but are not susceptible of, the construction claimed. In *Orono* v. *Veazie*, 57 Maine, 517, a case similar to this, it was held, upon what we deem sound reasons, not only that the plaintiff must make out a *prima facie* case, but that the defendant might be heard in all legal objections to such evidence before he was obliged to pay the taxes and charges. The law in relation to the question now involved is substantially the same as then. In that case the land was taxed as non-resident. In this case the tax is assessed upon a resident. R. S., c. 6, § 174, require substantially the same proceedings and the same *prima facie* evidence in the latter case as was there required in the former. By c. 234 of the acts of 1874, this law was amended so as to entitle the plaintiff to judgment upon the production of the collector's deed duly executed and recorded, unless payment of taxes and charges was made. But by the express terms of § 2 this act could not apply to previous sales and does not therefore apply here as this sale was made in 1868. The next change was made in 1878, c. 35. This act however was an amendment only of the first section of that of 1874 leaving the second in full force, so this latter act does not apply. The result is. that c. 6. § 174 of the R. S., must control this case except so far as it is modified by the act of 1879, c. 117, as amended by c. 214 of the acts of 1880. This does not purport to be an amendment of any previous acts but an addition to c. 6, R. S. It does not allude to any proof necessary to entitle the plaintiff to recover but provides that the party contesting the sale of land for non-payment of taxes shall not be permitted to commence, maintain or defend any action involving the validity of such sale until he shall have deposited with the clerk of the court the amount of such taxes and charges.

It does not in terms repeal any former acts. It is inconsistent with the last part of § 174, R. S., as it makes a new and different provision in regard to the payment to be made and must control in that respect. It is not inconsistent with the first part of that

section, or so much of it as relates to the amount of evidence necessary to make a *prima facie* case. Nor does it purport to embody all the provisions of the law upon the subject matter. It is an act in addition to and not a revision of c. 6, R. S., or any part of it. The amount of evidence necessary to authorize a judgment is one thing, the payment required to permit a party to defend, is another and a very different thing, therefore both provisions may stand together without any conflict. They did stand together when *Orono* v. *Veazie* was decided, in the same section to be sure, but nevertheless the two distinct and separate propositions, just as distinct as now, and that which related to the payment just as emphatic as a condition of defence, as the deposit is under the last act.. The same is true of the law of 1874 and its amendment, the detail being somewhat changed but the general provisions the same in principle. If the legislature had intended to repeal that part of the act which regulates the effect of the evidence and its admissibility it is inconceivable that its intention should not have been made apparent. As it has not done so, it follows that the principle settled in *Orono* v. *Veazie* must govern this case and, as provided in the report, the entry must be,

*Plaintiff nonsuit.*

APPLETON, C. J., WALTON, BARROWS, PETERS and LIBBEY, JJ., concurred.