JONATHAN E. BURROUGHS v. FRANK P. GOFF, THOMAS W. PALMER, AND LIZZIE PALMER.

*Taxes—Assessment of resident land on non-resident list—Loss or destruction of tax deed—Requirements of second deed—Excessive levy—Illegality of sale.*

1. An unmarried man, having purchased 80 acres of land on contract, took possession of the same about May 1, 1874, and about June 15 thereafter commenced work thereon, and in the fall of the same year caused three or four acres to be sown to wheat, which was growing in April, 1875, at which time he was working

on the land, in company with hired men, clearing, making rails, and putting up fence. Prior to his purchase, a former purchaser, to whose rights he had succeeded, built a log house on the land, which was afterwards found to stand partly in the highway. In 1875 and 1876, some 10 acres of the land were cleared and partially improved, during which years the said owner boarded with his father, within half a mile of the land. He paid the taxes on the land for 1874, and worked out, in person and through his father, the highway taxes for 1875 and 1876, and it was his intention to make his home on the land, which was assessed as *nonresident* for said last-named years.

*Held*, that the land should have been listed as *resident*, and that the facts show the owner an *occupant* in 1875, under *Tweed v. Metcalf*, 4 Mich. 586.

2. A tax deed, issued pursuant to How. Stat. § 1164,[1] must recite upon its face "the *loss* or *destruction* of the *former* deed, and its date, if possible;" and a deed not containing those statements and statutory requirements is no evidence of title.

3. A sale of land for taxes is void where the tax levied is shown to be "five or six cents" in excess of the amount authorized by law.[2]

4. Where the record of a school district showed the voting by the electors of *only* $180 for a given year, and there was no record of any *increase* by the district board; and the sum of $240 was levied by the supervisor upon the property of the district,—

*Held*, that a tax title based upon a sale of land in said district for that year's taxes, including a ratable proportion of such school tax, was void. *Williams v. Mears*, 61 Mich. 86 (headnote 2).

Error to Osceola. (Judkins, J.) Argued January 6, 1887. Decided January 20, 1887.

---

[1] This section authorizes the Auditor General to execute a second tax deed when satisfied by sufficient proof that the original deed, and record thereof in the proper county, have been, or that said deed, if unrecorded, has been, lost or destroyed, which deed shall declare upon its face that it is a second deed, shall be executed to the same party as the first, and shall recite the loss or destruction of the former deed, and its date, if possible. Section 98, p. 204, of the tax law of 1885, contains similar provisions.

[2] In *Boyce v. Sebring*, 33 N. W. Rep. 819, the Court held that an excess of $3.01 in the two-mill tax levied in a township invalidated a sale of land in that township for that year, such levy being without jurisdiction.

Ejectment. Defendants bring error. Reversed. The facts are stated in the opinion.

*M. A. Lafler* and *Chamberlain & Guise*, for appellants:

On the question of occupancy, counsel cite the following authorities: *Comstock v. Beardsley*, 15 Wend. 348; *Bush v. Davison*, 16 Id. 550; *Wallace v. Scott*, 7 Watts & S. 248; *Biddle v. Noble*, 68 Penn. St. 279; *Ellsworth v. Low*, 62 Iowa, 178; *Forey v. Bigelow*, 56 Id. 381; Cooley, Tax. (2d ed.) 393 *et seq.*

*C. M. Beardsley* and *Long & Gold*, for plaintiff.

SHERWOOD, J. The plaintiff brings ejectment to recover 80 acres of land lying in the township of Hersey, in the county of Osceola.

The plaintiff claims under two tax deeds made by the Auditor General upon sales of the land for the taxes of 1875 and 1876, assessed and levied under the law of 1869, and the amendments thereto.

The defendants Thomas W. Palmer and Lizzie Palmer claimed title from the government through sundry mesne conveyances, which they obtained previous to 1875, since which time they have continuously claimed title to the said land under said conveyances down to the present time; and defendant Goff is in possession of the land, and was so in possession of the same for six months prior to the commencement of this suit, as the tenant of the other defendants; and they all claim that the tax titles under which the plaintiff seeks to recover possession of the property are invalid.

The cause was tried in the Osceola circuit, by jury, before Hon. J. Byron Judkins, circuit judge, who at the close of the testimony directed a verdict for the plaintiff, upon which judgment was entered, and the defendants bring the case into this Court for review.

It appears from the stipulation of the parties in this case

that the defendants are in possession of the property, and were at the time suit was commenced, claiming title thereto derived under a patent issued by the United States. It is unnecessary to consider their claim further, until the title of the plaintiff has been examined.

The testimony shows, without contradiction, that the Palmers sold the land, by contract, in 1872, to one John Baker, and that his interest under the contract, after several transfers, was purchased by George Sample, who afterwards took a contract of purchase of the same land from the defendants Palmer. Sample took possession of the land about the first of May, 1874, and about the fifteenth of June commenced work upon the land. In the fall of the same year, under an arrangement with his brother, John Sample, three or four acres of the land was put into wheat. In the month of April, 1875, the wheat was growing upon the land, and George himself worked thereon, and had men at work upon it clearing it up and making rails for fencing. At the time Baker owned the land, a log house was erected thereon, standing partly in the highway when it came to be laid out. A lot on the north-west corner of the land was fenced in.

In 1875 and 1876 there was 10 acres cleared and partially improved on the land. During this time George made his home with his father or brother Albert, both of whom lived within a half mile of the land, and had had his home with them for years previous. He also paid the taxes on the property for 1874, and worked out the highway taxes for 1875, and caused them to be worked out in 1876, and at this time it was his intention to make a home for himself upon this land.

The land for the years 1875 and 1876 was assessed as non-resident.

Upon the foregoing facts, the defendants claim that the land should have been listed, for the years 1875 and 1876, upon the resident list. We think this position is correct,

and the authorities cited by counsel for defendants fully sustain this view.

The provision of the statute upon that subject is as follows:

" All personal estate within this State, except in the cases where other provision is made by the third and eighth sections of this act, shall be assessed to the owner in the township where he shall be an inhabitant on the second Monday of May, and all resident real estate *to the person occupying it on that day*, unless the same shall be given in by some other person for assessment to him." How. Stat. § 1007.[1]

We think the facts show the defendant an occupant of the land in 1875, under the decision of *Tweed v. Metcalf*, 4 Mich. 586.

It will be noticed that the "loss or destruction" of the first deed, and "its date, if possible," are facts required by the statute[2] to be recited in the second deed. They are the facts which must exist before a second deed can be lawfully made, or have any effect as a conveyance; and a second deed, not containing these statements and statutory requirements, is no evidence of title, and the one offered in this case should not have been admitted in evidence. Cooley, Tax. (2d ed.) 516; *Grimm v. O'Connell*, 54 Cal. 522; *Wiggin v. Temple*, 73 Me. 380; *Atkins v. Kinnan*, 20 Wend. 241; *Boardman v. Bourne*, 20 Iowa, 134; *Smith v. Hileman*, 1 Scam. 323; *Williams v. McLanahan*, 67 Mo. 499; *Hubbell v. Campbell*, 56 Cal. 527.[3]

The title for the taxes of 1875 is also invalid, for the reason that the tax levied was in excess of the amount authorized by law. The excess charged against the land in

---

[1] Sections 6 and 15, tax law of 1885, provide for the assessment of real estate to the *owner* if *known*, and, if not, to the *occupant*, if any, and, if not occupied, as *unknown*. The tax law of 1882 contains like provisions.

[2] How. Stat. § 1164.

[3] A *second* tax deed was issued for the tax of 1875, the original having been lost, and it was objected to, when offered in evidence, as not conforming to How. Stat. § 1164. It contained the statement that it was "a *second* deed, issued under section 162, tax law."

question was small,—only between five and six cents,—but, under our decisions, it is fatal to the title.

There was also an unauthorized tax of $60 levied upon the lands in the school district in which the defendants' land was located, and a ratable portion of which was assessed against defendants' lot, and which constituted a part of the sum for which the defendants' property was sold for tax of 1876.[1] This rendered the plaintiff's tax title, based upon the sale for taxes of that year, void. Cooley, Tax. (2d. ed.) 339; *Moser v. White*, 29 Mich. 59; *Maxwell v. Paine*, 53 Id. 30; *Williams v. Mears*, 61 Id. 86.

It is unnecessary to consider the case further. The judgment must be reversed, and a new trial granted.

The other Justices concurred.

———◆———

| 64 | 469 |
| 79 | 302 |
| 64 | 469 |
| 135 | ²629 |

---

[1] For statement of facts, see head-note 4.