JOHN PIEOTTER AND FERDINAND PIEOTTER v. CHARLES E. WHALEY ET AL.

*Drain taxes—Irregularities in assessment—Resident lands.*

1. How. Stat. § 1007, provides that all resident real estate shall be assessed to the person occupying it on the second Monday of May, unless the same shall be given in by some other person for assessment to him, and an assessment contrary to such provision is void.

2. In this case a deed issued by the Auditor General for drain taxes is set aside for defects in the proceedings of the drain commissioner.

Appeal from Lenawee.    (Lane, J.)    Argued April 11, 1890.    Decided April 18, 1890.

Bill to set aside a tax deed issued on a sale for drain taxes.    Defendants appeal.    Affirmed.    The facts are stated in the opinion.

*Henry C. Smith*, for complainants.

*Westerman & Westerman*, for defendants.

LONG, J.    The bill in this cause was filed to set aside a tax deed of lands situate in the township of Deerfield, Lenawee county.    The deed was made under the provisions of Act No. 229, Laws of 1881, as amended by Act No.

7, Laws of 1882, for drain taxes assessed upon said lands for the years 1877, and 1878, 1879. The deed was made by the Auditor General to George E. Whaley, now deceased, and the defendants are his heirs at law. The lands were bid in under this sale by George E. Whaley for the sum of $14, and the tax-deed was executed November 24, 1884. It appears that the lands are of the value of $4,000.

The complainants are in possession, holding the original title. The claim made by the bill is that the drain commissioner acquired no jurisdiction to make the assessment of such drain taxes for said years, and the proceedings for the levy by the drain commissioner of such taxes are fully set out in the record. The defendants answered the bill of complaint, the cause was put at issue by the filing of replication, and proofs were taken in open court. On the hearing, the court below made a decree setting aside the tax deed as a cloud upon the title of complainants, and also ordered and decreed that the certificate of tax sale made by the county treasurer for those years be set aside, and declared the taxes assessed for the years 1877, 1878, and 1879 void, as against complainants. Defendants appeal.

The petition for the establishment of the drain, and all the proceedings of the drain commissioner thereunder, are fully set out in the record. The errors appearing in these proceedings are almost too numerous to mention. Scarcely a step taken by the commissioner in the laying out and establishment of the drain is in accordance with the statute authorizing such action. The drain is called the "Swamp Raisin Drain," extending through the townships of Deerfield and Blissfield, Lenawee county. The petition was addressed to the county drain commissioner, and the return of his proceedings was put in evidence. It does not appear that he ever signed the certificate of his pro-

ceedings. It does not appear from his proceedings that
any notice was ever given by him of the assessment,
or an opportunity given to review his proceedings there-
for. He does not state on what date he examined the
lands to determine the necessity for such drain, nor the
date when he determined that such drain was necessary.
He states, however, that, in pursuance of such determina-
tion,—

"I proceeded on the ——— day of ——— A. D. 187—,
to try to obtain a release of the right of way and other
damages from every person through whose lands such
drain was designed to pass, and I obtained the release of
the right of way upon the lands of ———, but could not
obtain such release in a reasonable time from ———, they
being persons who were owners of lands through which
said contemplated drain now passes."

It is quite apparent that the drain commissioner had
taken a printed blank form for a certificate of his pro-
ceedings; had filled out the first part of it, leaving all
other blank spaces unfilled; and filed the same as his
return of proceedings, and without his signature thereto.
It does not show that he ever obtained a release of right
of way over the premises in question, or ever gave the
persons owning or in possession thereof any notice of his
intended action. No jury or commissioners are shown to
have been called, and no apportionment of the costs and
expenses made. Many other errors might be pointed out,
going to the jurisdiction of the commissioner to make a
valid assessment.

Some claim is made by counsel for defendants that the
lands were sold for several items of other taxes aside
from drain taxes. It appears, however, from the assess-
ment roll put in evidence, that for the year 1887 the
drain tax was $100, for the year 1878 the drain tax was
$9.55, and for the year 1879 the drain tax was $63.45,

and there is sufficient showing 'that the other taxes were paid.

Another error is pointed out which would affect the whole tax, even if the other taxes had not been paid. The lands for the years 1877 and 1878 were occupied and claimed to be owned by Mr. Merritt Cogswell, and in the year 1879 by the complainants, and yet the tax appeared upon the assessment roll as against R. S. Cogswell, who at that time lived in the state of Tennessee, and had no interest in the premises. This appeared under the head of resident lands. How. Stat. § 1007, provides that all resident real estate shall be assessed to the person occupying it on the second Monday of May, unless the same shall be given in by some other person for assessment to him. It appears from the testimony of the supervisor for those years that he knew that R. S. Cogswell at that time resided in the state of Tennessee. The tax was therefore invalid for the reasons pointed out in *Tweed v. Metcalf,* 4 Mich. 586, and *Burroughs v. Goff,* 64 Id. 468 (31 N. W. Rep. 273). We are satisfied that the tax cannot be upheld for any of these years.

The decree of the court below must be affirmed, with costs.

The other Justices concurred.