[No. 3.834.]

# JOHN W. CRAWFORD *v.* CHAS. SCHMIDT AND CAROLINE SCHMIDT, HIS WIFE.

VOID ASSESSMENT FOR TAXES.—An assessment of land for taxes, not made to unknown owners, but to the owner by his surname, leaving a blank for his given name, is void, and a deed executed to a purchaser of the land at a sale for the tax is void also.

APPEAL from the District Court, Third Judicial District, Alameda County.

Ejectment to recover a tract of land containing one acre in Oakland township, Alameda County.   The plaintiff's title was a deed made by the tax collector of Alameda County, dated the tenth day of August, 1872, made on a sale of the demanded property for the delinquent State and county taxes for the fiscal year 1871–2.   Caroline Schmidt owned the property, and the deed to her was of record.   The defendant recovered judgment and the plaintiff appealed.

The other facts are stated in the opinion.

*S. F. Gilcrest*, for the Appellant.

Points decided.

*A. A. Moore* and *D. P. Barstow*, for the Respondent, argued that the assessment was void, and cited *Kelsey* v. *Abbott,* 13 Cal. 617, and *Moss* v. *Shear,* 25 Cal. 44.

By the COURT:

The land in controversy was the property of Caroline Schmidt, but was assessed to "—— Schmidt," omitting the christian name. Section 13, of the Revenue Act of 1861, (Statutes 1861, p. 419) provides that the Assessor shall ascertain by diligent inquiry, "the names of all persons, corporations, associations, companies, or firms owning, claiming or having the possession or control" of the property to be assessed, and shall list and assess the same to such person, corporation, etc., and if the name of such an absent owner is known to the Assessor, "the property shall be assessed in his, her or their name; and if unknown to the Assessor, the property shall be assessed to unknown owners." The statute is imperative, that the property must be assessed to the owner, if known, and if not, to unknown owners. In this case the assessment was not, and does not purport to have been, made to unknown owners. It cannot, therefore, be assumed that the name of the owner was unknown to the Assessor. But instead of assessing the property to Caroline Schmidt, who was the owner, he assessed it to —— Schmidt, a designation which would have applied as well to any other Schmidt, whether male or female, as to the real owner. We think this was not a compliance with the statute, and that the assessment and sale were void. (*Kelsey* v. *Abbott,* 13 Cal. 617; *People* v *Sneath,* 28 Cal. 615; *Sharp* v. *Spear,* 4 Hill. 89.)

Judgment affirmed. Remittitur forthwith.