[No. 6131.]

# A. GROTEFEND AND AARON BELL v. CHRISTOPHER ULTZ.

VOID ASSESSMENTS.—Under secs. 3628, 3635, 3636, and 3650, Political Code, it is the duty of the Assessor to ascertain the name of the owner of each piece or parcel of property, and to assess it *to him;* or, failing to ascertain the name of the owner, to assess it to "unknown owners." An assessment to "D. B. M. and all owners and claimants known or unknown" is void.— [REPORTER.]

APPEAL from the District Court of the Ninth Judicial District, Shasta County.

The action was ejectment, and the plaintiff relied upon a tax deed and certificate of sale, from which it appeared that the assessment had not been made to the owners nor to unknown owners, but to "D. B. Matlock, and to all owners and claimants known and unknown." Judgment was rendered for the plaintiffs, and the defendant appealed.

*A. P. Catlin* and *J. T. Matlock,* for Appellant, cited Political Code, secs. 3628, 3635, 3636, 3650; *Crawford* v. *Schmidt,* 47 Cal. 617; *People* v. *Whipple,* 47 Cal. 591; *People* v. *Hancock,* 48 Cal. 631; *Kelsey* v. *Abbott,* 13 Cal. 609.

*Haymond & Allen,* and *Clay W. Taylor,* for Respondents.

BY the COURT:

The Political Code declares (sec. 3628): "The Assessor must ascertain the names of all taxable persons and all property in his county subject to taxation," and requires (sec. 3650) that officer to prepare an assessment book, in which must be specified, "in separate columns, under the appropriate heading, first the *name* of the person to whom the property is assessed. * * * * By secs. 3635 and 3636 it is provided that "if the owner or claimant of any property is unknown," the property must be assessed "to unknown owners."

The first duty of the Assessor under these provisions is to ascertain the name of the owner of each piece or parcel of

property, and to assess it *to him;* his second—if he fails to ascertain the name of the owner—is to assess it to " unknown owners."　It follows that the assessment to " D. B. Matlock and all owners and claimants known or unknown," was void. This view is upheld by *Kelsey* v. *Abbott,* 13 Cal. 609 ; *Smith* v. *Davis,* 30 Cal. 537 ; *Blatner* v. *Davis,* 32 Cal. 328, and by other decisions of this Court.

Judgment and order reversed, and cause remanded for a new trial.　Remittitur forthwith.