[No. 6,887.—Department No. 2.]

## HEARST v. EGGLESTONE ET AL.

ASSESSMENT—TAX DEED—ACTION TO QUIET TITLE.—In an action to quiet title, in which the defendant claimed under a tax sale and deed, and the plaintiff under a deed from parties doing business under the name of " The Blue Range Mining Company," it appeared that the property was assessed to "*The Blue Range Mining Company*" by direction of the plaintiff's agent, and that the certificate of sale and tax deed each recited the assessment as made to " *The Blue Range Mining Company,* and to all *owners and claimants known and unknown.*" *Held,* first, that the assessment was void, because "The Blue Range Mining Company" was not the owner, and was not a person who could own ; and, secondly, that the certificate and sale were void for the additional reason that they recited an assessment to "The Blue Range Mining Company, *and to all owners and claimants known and unknown.*"

ID.—ID.— Under § 388 Code of Civil Procedure, where two or more persons transact business under a common name, they may be sued by the common name ; but this does not vary the terms of § 3628 Political Code, by which the assessor "must assess such property to the persons who own, claim, or have the control thereof.

ID.—ID.—A void tax deed cannot be made valid by proof of a valid assessment.

APPEAL from a judgment for the defendant, and from an order denying a new trial, in the Tenth District Court, County of Sierra. KEYSER, J.

*S. B. Davis,* and *Louis T. Haggin,* for Appellant.

*I. S. Belcher*, and *Gray & Gale*, for Respondent.

MYRICK, J.:

This is an action brought to obtain a decree that plaintiff is the owner of the premises described in the complaint, and that defendants have no right, title, estate, or interest therein. Defendants deny plaintiff's ownership, and allege themselves to be the owners. The findings of the Court are in substance as follows:

That on the 6th of March, 1872, the premises were owned by Jones, Knuthson, and the defendant Mowry, who on that day sold and conveyed the same for $16,000 to plaintiff, who went into possession under the deed, which was duly executed and recorded; at which time, and for a long time prior thereto, said premises were known, managed and dealt with as the " Blue Range Mining Company's" claims, and by that name have been ever since known, managed, and dealt with; that for the State and county taxes for the fiscal year ending June 30th, 1874, the premises were assessed as the property of the Blue Range Mining Company; that at the time of the assessment, Knuthson was in possession as agent of plaintiff; that such proceedings were had, (the taxes not being paid) that on the 25th of February, 1875, the premises were sold by the Tax Collector to the defendants for $141.75, the amount of the taxes, costs, and charges; that November 17th, 1875, no redemption being made, the Tax Collector executed to the defendants a deed of the premises. After stating other matters relating to asserted relations existing between plaintiff and defendants, the Court rendered its judgment against plaintiff, and that defendants are the owners of the property.

It appears from the evidence, that the property was assessed to the " Blue Range Mining Company "; that the certificate of purchase and the deed executed by the Tax Collector, each contain the statement that the property was assessed to the " Blue Range Mining Company, and to all owners and claimants known and unknown." There is no pretense that the Blue Range Mining Company was a corporation.

The judgment is erroneous for two reasons:

1. The assessment was void, because the property was not

assessed to the owner. Hearst was the owner, and was in possession by his agent, with his deed duly recorded. The Blue Range Mining Company was not the owner; it was not a person that could own. It is true that the owner had permitted the business of the mine and ditches to be conducted, after his purchase, under the former name, but that act did not make the name a person. Under § 388 of the Code of Civil Procedure, where *two or more* persons transact business under a common name, the associates may be sued by the common name; but that section does not vary the terms of § 3628 of the Political Code, by which the Assessor "*must* assess such property to the persons who own, claim, or have the possession or control thereof."

Defendants are not aided by the fact that Knuthson, agent of the plaintiff, told the Assessor to assess the property as before, in the name of the company. Assessors should look to the *statute* for directions as to their duty, not to citizens. If he found Knuthson in possession, he not knowing that Hearst was owner, he might possibly have assessed it to him (Knuthson); but, instead of assessing either to the owner or to the person in possession, he named a myth. (*Crawford* v. *Schmidt*, 47 Cal. 617.) It would hardly be contended that a deed naming the Blue Range Mining Company as grantor would pass the title to the property. Section 3636 of the Political Code: "If the name of the absent owner is known to the Assessor, the property must be assessed in his name; if unknown, the property must be assessed to 'unknown owners.'" It seems to us that the statute is very plain in its directions.

2. Under the decision of this Court in *Grotefend* v. *Ultz*, 53 Cal. 666, the certificate and deed were both void. They recite that the property was assessed to the "Blue Range Mining Company, and to all owners and claimants known and unknown." A void deed cannot be made valid by proof of a valid assessment. (*Grim* v. *O'Connell*, 54 Cal. 522.

As the above errors are based upon the defendants' evidence, and the defendants' title appears to rest solely upon the assessment and proceedings thereon, the judgment and order denying the motion for a new trial are reversed, and the Court below is directed to render judgment for plaintiff on the findings.

SHARPSTEIN, J., and THORNTON, J., concurred.