[No. 7,347—In Bank.
October 9, 1882.

## ISAAC R. HALL *v.* JOHN THEISEN ET AL.

TAX DEED VOID.—(*Per* MYRICK, McKINSTRY, and ROSS, JJ., concurring.) Action to obtain an injunction restraining the defendants from selling certain real property under an execution. The plaintiff claimed under a tax sale and deed; the defendants were proceeding to sell under an execution against the prior owners. The defendants demurred, the demurrer being sustained, and no amendment made, judgment went for defendants. A preliminary injunction having been issued, the same was dissolved.

   *Held:* The tax deed is void, it being therein recited that the property was assessed to "California Consolidated Mining Company, and to all owners and claimants known and unknown."

ID.—PLEADING TO SHOW PARTY ENTITLED TO INJUNCTION.—The complaint alleges an assessment of the property to the California Consolidated Mining Company, omitting the objectionable addition expressed in the deed.

   *Held:* It may admitted that if the plaintiff holds a valid certificate of sale for non-payment of taxes, he may have the sale under execution enjoined, on the ground that such subsequent sale would be a cloud upon his title or his right to have title. But, in endeavoring to have the sale enjoined, he must aver and show that he has full right to protection; in other words, that everything has occurred which would be necessary to occur, in order to vest in him the right claimed.

ID.—CERTIFICATE OF TAX SALE AS EVIDENCE.—The allegation in the complaint as to the tax sale is, that the property "was duly sold to satisfy

the aforesaid taxes, at public auction, by the Tax Collector of the said County of El Dorado, to A. Mierson, to whom a certificate of said sale was delivered by said Tax Collector." There is no allegation that either of the steps referred to by Sections 3766, 3767, or 3768, Political Code, had been taken. Section 3776 declares that the certificate of the sale shall state certain matters. There is no allegation that the certificate stated either of those matters. The allegation in the complaint is, that " a certificate of said sale was delivered," etc.

*Held:* The certificate of tax sale is not evidence of any matters not therein recited, nor of any matter necessarily preceding its valid existence.

ID.—ID.—McKEE, THORNTON, and SHARPSTEIN, JJ., concurred on the ground that the plaintiff has an adequate remedy at law.

APPEAL by plaintiff from an order of the Superior Court of the County of El Dorado, dissolving a preliminary injunction. WILLIAMS, J.

Action to enjoin sale of real property under execution. The facts are stated in the opinion of the Court.

*D. L. Smoot* and *John H. Miller,* for Appellant.

*Thomas V. O'Brien, Jarboe & Harrison,* and *George G. Blanchard,* for Respondents.

MYRICK, J. :

This action was brought to obtain an injunction restraining the defendants from selling certain real property under an execution. The plaintiff claimed under a tax sale and deed; the defendants were proceeding to sell under an execution against the prior owners. The defendants demurred; the demurrer being sustained, and no amendment made, judgment went for defendants. A preliminary injunction having been issued, the same was dissolved.

The tax deed is void, it being therein recited that the property was assessed to "California Consolidated Mining Company and to all owners and claimants known and unknown." (*Hearst* v. *Egglestone,* 55 Cal. 365.)

The complaint alleges an assessment of the property to the California Consolidated Mining Company, omitting the objectionable addition expressed in the deed. It may be admitted that if the plaintiff holds a valid certificate of sale for nonpayment of taxes, he may have the sale under execution en-

joined, on the ground that such subsequent sale would be a cloud upon his title or his right to have title. But, in endeavoring to have the sale enjoined, he must aver and show that he has fu'l right to protection; in other words, that everything has occurred which would be necessary to occur in order to vest in him the right claimed. The allegation in the complaint as to the tax sale is that the property "was duly sold to satisfy the aforesaid taxes, at public auction, by the Tax Collector of said County of El Dorado, to A. Mierson, to whom a certificate of said sale was delivered by said Tax Collector." There is no allegation that either of the steps referred to by Sections 3766, 3767, or 3768, Political Code, had been taken. Section 3776 declares that the certificate of the sale shall state certain matters. There is no allegation that the certificate stated either of those matters. The allegation in the complaint is that "a certificate of said sale was delivered," etc. We have not been referred to any provision in the Code which makes the certificate evidence of any matter not therein stated, nor of any matter necessarily preceding its valid existence.

. This appeal is from the order dissolving the injunction. The order is affirmed.

Ross and McKinstry, JJ., concurred.

McKee, Thornton and Sharpstein, JJ., concurred in the judgment on the ground that the plaintiff has an adequate remedy at law.