[No. 12619. In Bank. — January 23, 1889.]

JOHN W. PEARSON, RESPONDENT, *v.* W. H. CREED ET AL., APPELLANTS, AND GEORGE HEARST, INTERVENOR, RESPONDENT.

QUIETING TITLE — FINDING UPON IMMATERIAL ISSUE — POSSESSION IMMATERIAL. — In an action to quiet title, an issue as to the possession of the plaintiff at the commencement of the action is immaterial, and no finding need be made thereon. The title of the litigants does not turn on the possession of either at the time of or prior to the commencement of the action.

ID. — PAYMENT OF TAXES — ADVERSE POSSESSION. — When there is no plea of adverse possession for five years before and under the statute of limitation, issues as to the payment of taxes by the defendant in possession, and adverse possession by him, are immaterial in an action to quiet title, and no finding need be made thereon.

INTERVENTION — PLEADING. — All of the averments of an answer to a complaint of intervention must be considered as denied by the intervenor.

TAX DEED — ASSESSMENT TO ALL OWNERS AND CLAIMANTS. — A tax deed which receites an assessment of the land to a certain person named, "and all owners and claimants," is void upon its face, and cannot be validated by proof of a regular assessment. (WORKS, J., dissenting.)

INTERVENTION — APPEAL — ERROR NOT AFFECTING APPELLANT. — When the
defendant appeals in an action to quiet title, the question whether half
of the land in controversy was properly awarded to an intervenor who
claims under the plaintiff is not one that the appellant can urge, if
himself without title, as he cannot be prejudiced by the judgment
in favor of the intervenor.

REGISTRY — VENDOR AND PURCHASER — NOTICE OF TITLE — LIS PENDENS.
— A purchaser of land takes with notice of a recorded deed, and
of an equitable action affecting the title, in which a notice of *lis pendens*
was filed, regardless of actual notice, or of the question whether or not
the instrument imparting notice appeared in the abstract of title pre-
sented him when he paid his money and received his deed. But such
notice is immaterial, if no title existed under the deed, or was affected
by the suit.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order refusing a new trial.

The action was commenced August 21, 1884. The
plaintiff claimed title under C. E. Gaxiola, by purchase
from his heirs at law, after his decease, in 1879. On
January 30, 1885, plaintiff, pending the action, conveyed
a half-interest in the land to George Hearst, who there-
after intervened. The defendants claimed title under
the tax deed described in the opinion, which was exe-
cuted March 2, 1882, under an assessment made in 1880,
after the decease of Gaxiola. Further facts are stated in
the opinion of the court.

*Wigginton & Hawes*, for Appellants.

*Henry C. McPike*, for Respondent, Pearson.

*Edward Lynch*, for Intervenor.

THORNTON, J. — Action to quiet title to a tract of land
in Fresno County. Judgment passed in favor of plaintiff
and intervenor. The defendants, Creed and Wiggin-
ton, appeal from the judgment, and an order denying a
new trial.

The evidence is sufficient to justify the decision of
the court below. The decision is not against the law.
There are findings upon all the material issues. The

issue as to the possession of plaintiff at the commencement of the action was entirely immaterial. The question of title as between plaintiff and defendants was to be passed on, and the defendants might have been in possession without title, and the plaintiff might have had title, though out of possession. The title of the litigants here did not turn on their possession had at the time of or prior to the commencement of the action.

As far as was necessary to the determination of the issue joined as to the assessment for taxes of the land in suit set up by defendants, the facts were sufficiently found. It is averred in a cross-complaint filed by defendants, which was answered by plaintiff, that the land was assessed to C. E. Gaxiola by the assessor between the first Mondays of March and July, for the year 1880. This was denied in the answer of plaintiff.

The same matters were averred in a cross-complaint of defendants to intervenor's complaint, which was, on motion, stricken out, but allowed to stand as answer to intervenor's complaint. Under the statute all the averments of the answer in relation to the matter of assessment must be considered as denied by the intervenor. As said above, the facts were sufficiently found as to the issue joined as to the assessment.

The issues joined as to the levy of assessment and payment of taxes by defendants during the time they were in possession, and as to any adverse possession of defendants, were entirely immaterial.

The defendants set up no possession by them, adverse or otherwise, prior to March 1, 1881, and as the complaint herein was filed on the 21st of August, 1884, their possession, conceding it to have been adverse from the 1st of March, 1881, did not continue for the period of five years before action brought, which was required to give them a title. The assessment and payment of taxes on the land while they were in possession were only necessary to make out their title by adverse posses-

sion. If the adverse possession did not continue for five years before action brought, the payment of taxes by defendants invested them with no right to the land sued for.

As a deduction from the foregoing views, it was entirely immaterial whether the court found on the issues last mentioned or not.

The defendants claim under a tax deed in which it is recited that the land in suit was assessed "to C. E. Gaxiola and all owners and claimants." That such a deed is void on its face has been frequently held by this court. (*Grimm* v. *O'Connell*, 54 Cal. 524; *Hearst* v. *Egglestone*, 55 Cal. 367; *Brady* v. *Dowden*, 59 Cal. 51; *Bosworth* v. *Webster*, 64 Cal. 2.) Conceding that the assessment of this land was regular and valid, it cannot impart validity to the deed. "A void deed cannot be made valid by proof of a valid assessment." (*Grimm* v. *O'Connell*, *Hearst* v. *Egglestone*, *supra.*)

We are inclined to think that a proper showing was made to let in the deed from Pearson to Hearst. But if this deed were excluded, there should be no reversal. Pearson would then be entitled to recover the whole land against defendants, who show no title. It is of no moment to the defendants that the court has adjudged one half the land to Hearst, and the other half to Pearson. They were not at all prejudiced by the judgment. The case might have been as well tried without the intervention of Hearst as with it.

We will add here, though it is hardly necessary or material, that Hearst must be held to have had notice of the title of defendants, who claimed under a deed regularly recorded, and of the pendency of the action, if a proper notice of its pendency was filed. As to any title to the land, the rule is that the purchaser must look out, — *caveat emptor.*

The law fixed notice on Hearst of the title of defendants, and of the pendency of the action, whether they

appeared in the abstract of title which was presented him when he paid his money and received his deed or not. But this notice could not affect his rights, for, if he had notice, he had notice of a claim of title, which was naught.

We find no error in the record.

Judgment and order affirmed.

McFARLAND, J., SHARPSTEIN, J., and PATERSON, J., concurred.

WORKS, J., dissenting.— I dissent. I cannot agree to the doctrine announced in *Grimm* v. *O'Connell*, 54 Cal. 524, and cases following it, that a recital in a tax deed showing that the property was wrongly assessed, when it was not, as a matter of fact, renders such deed void. The recital referred to is not a necessary part of the deed, and is not required to be set out. (Pol. Code, secs. 3776, 3786.) The certificate of purchase is required to state, when known, the name of the person assessed. This is not a requirement that it shall state how or to whom it was assessed. If assessed to unknown owners, no recital is required. The deed is required to recite the *matters recited in the certificate.*

The decisions referred to are based upon the assumption that the deed must state to whom or how the property is assessed. The result of the decisions is, that, although the assessment and sale were properly made, the deed must be held void, and the title defeated, solely because of a false recital in the deed, which, *if true*, would show the assessment to have been invalid, and this, too, where the recital is one which, by a fair construction of the sections of the code relating to the subject, need not be set out in the deed at all, and should be treated as surplusage.

In my judgment, the cases cited in support of this doctrine were wrongly decided, and should be overruled.