[No. 12742.  In Bank. — August 2, 1889.]

JOHN Q. GREENWOOD, RESPONDENT, v. F. ADAMS ET AL., APPELLANTS.

TAXATION — CERTIFICATE OF SALE — TAX DEED — RECITAL OF ASSESSMENT TO NAMED PERSON, "AND ALL OWNERS KNOWN AND UNKNOWN." — A certificate of sale for taxes which recites that the land was assessed to a named person, "and all known owners or claimants, and when unknown, to unknown owners or claimants," and a tax deed founded thereon purporting to convey the land and all interests therein belonging to the person named, "and all owners and claimants thereof known or unknown," are each void.

ID. — QUIETING TITLE — FILING SUPPLEMENTAL ANSWER — CONDITION TO GRANTING RELIEF — DISCRETION. — In an action to determine an adverse claim to land, asserted by the defendant under a tax sale thereof made two years prior to the time of the trial, it is not an abuse of discretion for the court, on the day of the trial, to require the defendant to pay twenty dollars and costs as a condition to the leave granted them to file a supplemental answer setting up title acquired by a tax deed made to them on that day.

ID. — CLAIM UNDER VOID TAX DEED — TITLE WILL BE QUIETED AGAINST
WITHOUT CONDITION. — An owner of land is entitled to have his title
quieted as against an adverse claimant under a void tax deed, without
first reimbursing the defendant for the amount paid by him at the tax
sale.

ID. — PURCHASER UNDER VOID TAX SALE ACQUIRES NO RIGHTS. — A pur-
chaser of property at a tax sale, which is invalid by reason of irregularity
in the proceedings for the levy and the sale, acquires no rights to the
property which either a court of law or equity can enforce.

APPEAL FROM JUDGMENT — REVIEW OF EVIDENCE. — On an appeal from a
judgment not taken within sixty days after its entry, the question as to
whether the findings were justified by the evidence or not cannot be
raised.

APPEAL from a judgment of the Superior Court of San
Luis Obispo County.

The facts are stated in the opinion.

*V. A. Gregg,* for Appellants.

The refusal of the court to allow the supplemental
answer to be filed was an abuse of discretion. (*Seehorn*
v. *B. M. & B. W. R. R. Co.,* 60 Cal. 240; *McMinn* v.
*O'Connor,* 27 Cal. 246; *Moss* v. *Shear,* 30 Cal. 467.) The
defendants were entitled to be repaid by the plaintiff for
the purchase-money paid at the tax sale as a condition
to the granting of equitable relief. (*Hibernia Savings
and Loan Ass'n* v. *Ordway,* 38 Cal. 679; Story's Eq. Jur.,
sec. 28.)

*S. M. Swinnerton,* for Respondent.

BELCHER, C. C. — Action to quiet title to certain lands
in the county of San Luis Obispo; judgment for plaintiff;
appeal by defendants.

The defendants by their original answer denied plain-
tiff's ownership of the lands described in the complaint,
and by a supplemental answer they alleged that since
the commencement of the action they had acquired title
thereto in fee.

At the trial it was admitted that John Q. Greenwood

held title to all the lands described in the complaint under patents issued by the United States in 1870.

The defendants then, in support of the issues on their part, introduced in evidence a certificate of sale for non-payment of taxes made to them by the tax collector of San Luis Obispo County, under date of March 3, 1884. The certificate recited that the lands were assessed for the fiscal year ending June 30, 1884, for state and county taxes "to J. H. Greenwood, and all known owners or claimants, and when unknown, to unknown owners or claimants." Defendants next offered in evidence a tax deed made to them in pursuance of the certificate, and dated March 27, 1885. The deed purported to convey the lands described as fully and absolutely as the tax collector could lawfully convey the same, "together with all and singular the tenements, hereditaments, and appurtenances thereto belonging, or in any wise appertaining, of the said J. H. Greenwood, and all owners and claimants thereof known and unknown." The plaintiff objected to the deed being received in evidence, on the ground that it was void and irrelevant and immaterial. The court sustained the objection, and defendants reserved an exception.

We see no error in the ruling. It has been frequently held in this state that an assessment of real property to some person named, "and to all owners and claimants known or unknown," is void, and that a certificate or deed reciting such an assessment is also void. (*Grotefend* v. *Ultz*, 53 Cal. 666; *Grimm* v. *O'Connell*, 54 Cal. 522; *Daly* v. *Ah Goon*, 64 Cal. 512.) The recital in the certificate here is in substance the same as that in the cases cited.

The defendants next asked leave to file a second supplemental answer setting up that they had acquired title to the lands in controversy under a tax deed made to them on the day of the trial. The plaintiff objected, but the court offered to allow the answer to be filed on payment

of twenty dollars, and if a continuance was made necessary thereby, on payment of costs. The defendants excepted to the conditions proposed, and thereupon the court denied the application.

An application to file a supplemental answer is addressed to the sound legal discretion of the court (*Harding* v. *Minear*, 54 Cal. 502), and in granting such an application the court is authorized to impose such terms as may be just and proper. The answer which defendants wished to file set up a tax deed made in March, 1887, and based on a tax sale made in March, 1885, nearly two years before the action was commenced. They had ample time, therefore, if they needed the deed, to have obtained it and set up their rights under it in their original or first supplemental answer. Under the circumstances, we see no abuse of discretion in the ruling of the court.

The defendants next offered in evidence the delinquent assessment roll of property in the county for the year 1884. The plaintiff objected to the evidence as irrelevant and immaterial, and the court sustained the objection. There was no error in this ruling, for, as said of the plaintiff in *Grimm* v. *O'Connell*, 54 Cal. 524, one "must recover, if at all, on his *tax deed*, supported by evidence of the regularity of the prior proceedings, if the same are attacked. He cannot recover on the *tax roll* or *delinquent list.*"

The defendants next introduced in evidence two certificates of sale and tax deeds of portions of the land made to them for delinquent taxes of the year 1884–85. And it is urged that under these deeds they acquired title to the land described therein, and the court should have so found. We cannot consider this point, for the reason that, as there was no motion for new trial, and the appeal was not taken within sixty days after the judgment was entered, the question as to whether the findings were justified by the evidence or not cannot be raised.

Finally the defendants offered in evidence the deed made to them during the trial, but, on objection of plaintiff, it was excluded. No copy of the deed is found in the bill of exceptions, but it is urged that this and all the other rulings complained of were erroneous, because when defendants purchased the land at the tax sales the lien of the state vested in them, and could only be divested by a repayment of the purchase money, and that they were entitled to have the amount so paid out repaid before any decree could be entered against them.

We fail to see any force in this point. Parties who purchase property at tax sales acquire the title to the property if all the proceedings for the levy of the taxes and the sale are regular and in strict conformity to law; but if not so, they acquire no rights to the property which either a court of law or equity can enforce.

As the case is presented before us, we cannot say that appellants had acquired any rights to the property in controversy which were disregarded by the court below, and we therefore advise that the judgment be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment is affirmed.