[No. 13411.   In Bank. — May 7, 1891.]

JAMES F. JATUNN, RESPONDENT, v. JAMES O'BRIEN ET AL., APPELLANTS.

89   57
101  566

WATER RIGHTS — DITCH ACROSS GOVERNMENT LAND — CAPACITY — RECONSTRUCTION — PRIVITY — RIGHTS OF PATENTEE — INJUNCTION AGAINST ENLARGEMENT. — A plaintiff claiming land under patent from the United States may enjoin the defendant from enlarging a water-ditch extending across the land to its original capacity as constructed long before the plaintiff acquired title and before the defendants took possession of it, where it appears that the ditch as originally constructed had been allowed to go to ruin, and had been unused for a long time when the defendants entered upon it, without any showing of privity between them and the original owners of the ditch, and reconstructed it to a size and capacity smaller than it originally had, and that it was so used by them before and long after the acquisition of title to the land by the plaintiff.

TAX-DEED — VOID ASSESSMENT — EVIDENCE. — The recital in a tax deed of an assessment of certain property to a person named and "unknown owners" is void, and the deed is inadmissible in evidence to prove title.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order denying a new trial.

The facts are stated in the opinion.

*C. W. Cross,* and *P. F. Simonds,* for Appellants.

Defendant acquired the right to the ditch to its full capacity, and necessarily the right to clean it out to that capacity. The right to the ditch carried with it the right to clean out, repair, and enjoy the ditch to its fullest capacity. (*Ware* v. *Walker,* 70 Cal. 591.) The decision, being totally unsupported by evidence, is against law. (*Sweeney* v. *C. P. R. R. Co.,* 57 Cal. 15.) The tax deed was admissible in evidence, not only to show the character and extent of defendant's adverse possession of said ditch and water right, but also as showing color of title. (*Tryon* v. *Huntoon,* 67 Cal. 325; *Wilson* v. *Atkinson,* 77 Cal. 485; 11 Am. St. Rep. 299.)

*Charles W. Kitts,* for Respondent.

If anything was sold at the tax sale, it was the ditch defendant dug and, having been in possession and using it, he could gain no further right to it by a tax sale, it being his duty to pay the taxes. (Black on Tax Titles, sec. 146; *Barrett* v. *Amerein,* 36 Cal. 322; *Christy* v. *Fisher,* 58 Cal. 256; *Bernal* v. *Lynch,* 36 Cal. 135; *Coppinger* v. *Rice,* 33 Cal. 425; *McMinn* v. *Whelan,* 27 Cal. 318; *Kelsey* v. *Abbott,* 13 Cal. 609.) The deed was void because of the error in the assessment, to "R. M. L. Camden and unknown owners." (*Hearst* v. *Egglestone,* 55 Cal. 365; *Daly* v. *Ah Goon,* 64 Cal. 512.)

Vanclief, C. — The sole object of this action is to obtain a perpetual injunction against the defendants, restraining them from enlarging a water-ditch running through plaintiff's land. The case was tried by the court, and as a result of the trial, an injunction was granted restraining defendants from enlarging their ditch to a greater capacity than twelve inches in depth, fourteen inches in width on the bottom, and twenty inches

in width at the top, with a carrying capacity of 123 inches of water measured under a pressure of six inches.

Defendants moved for a new trial, on two grounds: 1. "That the decision of the court giving judgment for the plaintiff is against law"; and 2. "On account of errors occurring at the trial, and excepted to by the said defendants." The motion was made on a bill of exceptions.

The court denied the motion, and defendants appealed from the judgment, and from the order denying their motion.

The findings show that the lands of plaintiff through which the ditch runs consisted of eighty acres, to forty acres of which he acquired title by patent from the United States on July 20, 1874. The other forty acres were conveyed to him by the Central Pacific Railroad Company on December 20, 1884, having been patented to the railroad company April 30, 1884. "That prior to 1862 there had been constructed on, over, and across the lands herein described (plaintiff's lands) a ditch known as the Camp Far West Ditch; that the same was used up to the year 1866, at which time the further use of the same was discontinued, the ditch was allowed to go to ruin, became filled up, and the flumes thereon allowed to rot, fall down, and in places to be carried away by strangers," and "was totally unused from 1866 to 1873"; that in May or June, 1874, and before plaintiff acquired title to any part of his land, defendants entered upon the ditch and cleaned it out and reconstructed it to the size and capacity above stated, viz., twelve inches in depth, fourteen inches in width on the bottom, and twenty inches at the top, with a carrying capacity of 123 inches of water measured under a pressure of six inches, and in that condition and to that capacity only, used and conveyed water through it for irrigating purposes until 1888, when they commenced the enlargement of it complained of, and to enjoin which this action was brought.

The defendants' right to the possession and use of the ditch to the full extent and capacity to which they re-opened it in 1874 and used it until 1888 is not questioned by the action nor infringed by the injunction granted. But appellants contend that they are entitled to enlarge it to the size and capacity which it had when originally constructed, prior to 1862, and while used prior to 1867.

The trial court decided, as matter of law, that defendants' property in the ditch was only such as they acquired by appropriation, possession, and user prior to 1885, — that is, prior to the conveyance of the land to the plaintiff, — because, as matter of fact, there appeared to be no privity between defendants and the person or persons who originally constructed, owned, and used the ditch prior to 1867. It was not proved, nor was there any evidence tending to prove, who constructed the ditch, or who owned or used it prior to the time, in 1874, when defendants took possession of and re-opened it.

For the purpose of proving that they had acquired the title of the original constructors and former owners of the ditch, the defendants offered in evidence a tax deed to defendant Smith, dated September 2, 1875, based upon an alleged assessment therein recited of "certain property, including the property" described in the deed, made "between the first Monday of March and the first Monday of July, 1874, to R. M. L. Camden and *unknown owners.*" The property sold for taxes thus assessed is described in the deed as "the property so as aforesaid assessed, situated in said county of Nevada and described as follows, to wit: Water right and ditch from Wolf Creek to Camp Far West." In connection with this offer, defendant Smith testified that there was only one ditch "which starts from Wolf Creek and goes to Camp Far West."

Plaintiff's counsel objected to the admission of the tax deed, on several grounds, and particularly on the

grounds,—1. That the assessment to "Camden and unknown owners," upon which the deed rested, was void; and 2. That defendant was in possession of the ditch from May, 1874, until after the sale thereof for taxes, and therefore it was his duty to pay the taxes.

The court sustained the objection, and counsel for defendants excepted; and the principal point made by the appellants is, that the court erred in excluding the tax deed.

I think the objection to the deed was properly sustained, on the ground that the assessment therein recited was void. (*Grotefend* v. *Ultz*, 53 Cal. 666; *Grimm* v. *O'Connell*, 54 Cal. 522; *Hearst* v. *Egglestone*, 55 Cal. 366.)

The bill of exceptions states that, "in support of their case, the defendants offered testimony tending to show that prior to 1874 said ditch was two feet wide on the bottom, with flumes thirty-two inches in width." And it does not appear that this testimony was disputed. Upon this, counsel for appellants base their point that the decision is against law.

But since defendants failed to connect themselves with the title of the former owners or original constructors, it is immaterial what was the size or capacity of the ditch as originally constructed and used. The defendants are entitled to maintain and use the ditch and flumes on plaintiff's lands to no greater width or depth than they reconstructed and used them between 1873 and 1885.

I think the judgment and order should be affirmed.

FOOTE, C., and TEMPLE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.