[L. A. No. 1703. In Bank.—March 20, 1907.]

W. M. WRIGHT, Respondent, v. EDWIN R. FOX, Defendant and Appellant, and J. M. ELLIOTT et al., Defendants.

TAXATION—ASSESSMENT OF CITY LOTS—FAILURE TO DESIGNATE CITY.— Under subdivision 3 of section 3650 of the Political Code an assessment of land, as follows:—

"In Los Angeles County.    In Jefferson St.
                City or Town Lots
                Lot        Block
                 5          3
                 6          3"

which entirely fails to designate the city or town, and which is unaided by reference to any map, plat, or tract, is void, and all subsequent proceedings, and the deed made thereunder, are likewise void.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Cole & Cole, for Appellant.

O. B. Carter, for Respondent.

HENSHAW, J.—Plaintiff brought this action to quiet title in himself against the defendant Edwin R. Fox and others to certain pieces of land. All the defendants save defendant Fox made default. Fox answered, denied plaintiff's title, and asserted title in himself, his claim of title being based on tax-deeds which he offered in evidence. To the introduction of these plaintiff objected, upon the ground they were irrelevant, immaterial, and incompetent. It was stipulated that if the defendant failed to establish title in himself by virtue of the tax-deeds, then title was in plaintiff and the decree should be given accordingly. The court found the invalidity of the tax-deeds and rendered its decree quieting title in plaintiff's favor. Defendant Fox moved for a new trial, and

his motion being denied, appeals from the judgment and from that order.

Section 3650 of the Political Code requires the assessor to prepare an assessment-book with appropriate headings, in which must be listed all property within the county, under the appropriate head.  The assessment in this case is in the following language:—

"In Los Angeles County.        In Jefferson St.
City or Town Lots.
Lot        Block
5          3
6          3"

It would seem to be an assessment drawn under subdivision 3 of section 3650 of the Political Code,—that is to say, an assessment of city and town lots.  So regarded, it fails to designate the city or town.  It describes property as being in the county of Los Angeles, in some city or town, and upon Jefferson Street therein, lot 5 in block 3.  Not only is no effort made to aid this description by references to map, plat, or tract, but we are advised by appellant that the land was not within the corporate limits of any city or town.  We then have extra-urban land assessed as being lot 5, block 3, in Jefferson Street, a description which of course is fatally and radically defective.  (*Labs* v. *Cooper,* 107 Cal. 656, [40 Pac. 1042]; *Miller* v. *Williams,* 135 Cal. 183, [57 Pac. 788].)  This is not at all the case presented in *Baird* v. *Monroe, ante,* p. 560, [89 Pac. 352], decided by this court on February 16, 1907, first, because here there was no attempt to aid the assessment by evidence, and, in the second place, this assessment pretends to fix property, not as in any tract, but as in Jefferson Street; so it would seem impossible, even if the effort had been made, to aid so defective a description by evidence of a map.

The assessment being thus void, all subsequent proceedings, and the deed made thereunder, are likewise void.  (*Grotefend* v. *Ultz,* 53 Cal. 666; *Greenwood* v. *Adams,* 80 Cal. 74, [21 Pac. 1134]; *Dranga* v. *Rowe,* 127 Cal. 506, [59 Pac. 944].)  The conclusion thus reached renders unnecessary a consideration of any of the further propositions of respondent against the sufficiency of the tax-deed.

For the foregoing reason the judgment and order appealed from are affirmed.

McFarland, J., Angellotti, J., Sloss, J., Shaw, J., and Lorigan, J., concurred.

Rehearing denied.